IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES PRYOR, | Civil Action |
| Plaintiff, | No. 2:23-1503 |
| v. | |
| CLEVELAND-CLIFFS STEEL CORPORATION, | |
| Defendant. | JURY TRIAL DEMANDED |

**CIVIL COMPLAINT**

Plaintiff James Pryor, by undersigned counsel, files this Civil Complaint and in support alleges the following:

**I. Jurisdiction**

1. The Jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991 and 28 U.S.C §§1343(a)(3) and (a)(4) and 1331 and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Plaintiff has satisfied all procedural and administrative prerequisites to suit under Title VII, in that:

   a. He filed a timely Charge of Discrimination with the EEOC alleging race discrimination and retaliation on April 29, 2022;

   b. The EEOC issued a Notice of Right to Sue on June 5, 2023;

   c. This Complaint is filed within 90 days of receipt of that notice; and

   d. More than a year has lapsed since Plaintiff filed his PHRC complaint.

3. Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), in that it employs more than 15 individuals.

1

## II. The Parties

4. Plaintiff James Pryor ("Plaintiff") is an African American male who resides at 712 Hettie Way, Butler County, Butler, PA 16001.

5. Defendant Cleveland-Cliffs Steel Corporation ("Defendant") is a corporation with its principal place of business at 1 Armco Drive, Butler County, Lyndora, PA 16045. At all times relevant Defendant was Pryor's employer.

## III. Factual Background

6. Plaintiff has worked for Defendant or Defendant's predecessor, AK Steel Corporation (Armco), since July 8, 2019. Defendant acquired the Armco plant in Butler in early 2020.

7. Plaintiff is one of only a few African American employees out of approximately 1200 employees.

8. There are no African American employees in management.

9. On or about July, 2021, Plaintiff complained to Defendant's Human Resources about offensive and racist graffiti on the walls.

10. One of the comments stated, "Coons don't belong in this shanty."

11. Despite Plaintiff's complaint, the graffiti remained up for a significant period of time.

12. On or about March, 2022, Plaintiff became aware that a flyer objecting to the addition of diversity education at the area high school was being circulated around the plant.

13. As directed by Defendant's Human Resources, Plaintiff spoke with the area manager and he said he would look into it, but Plaintiff never heard anything more.

14. A few weeks later, Plaintiff had a text conversation with his shift manager about race discrimination concerns including the use of the word "niggershit" and that the term or similar terms were even more freely used whenever Plaintiff was not present.

15. Defendant's shift manager stated, "I am not going to deny that either."

16. The shift manager further states, "Not that it makes it right, but a lot of these dudes are uneducated on the topic."

17. Defendant has not provided any training prohibiting harassment; what constitutes unlawful racial harassment in the workplace; how to keep the company free of any such discrimination; and what constitutes unlawful retaliation.

18. Furthermore, Defendant has denied Plaintiff training in his line of progression despite his requests while offering training to Caucasian employees with less seniority than Plaintiff.

19. Defendant's denial has resulted in a loss of economic opportunity to Plaintiff.

### Count I
### 42 U.S.C. §1981
### Race Discrimination and Retaliation

20. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19, as if fully set forth herein.

21. Defendant denied Pryor training opportunities in his line of progression because of his race.

22. Defendant also denied Pryor training opportunities in his line of progression in retaliation for complaining of racial discrimination in the workplace.

23. Defendant's actions in denying Pryor training opportunities in his line of progression because of his race, and in retaliation for complaining of race discrimination, deprived

Pryor of the same right to make and enforce contracts as is enjoyed by white citizens in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

24. Defendant's denial of training opportunities in his line of progression for Pryor was undertaken with reckless indifference to Plaintiff's federally protected right to make and enforce contracts irrespective of their race and/or their opposition to race discrimination.

25. Further, Defendant has subjected Plaintiff to a hostile workplace environment where severe and pervasive race-based harassment is ignored by management.

26. As a result of Defendant's discriminatory and retaliatory treatment, Pryor has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. §1981 as follows:

   a. That Defendant be permanently enjoined from discriminating against Pryor or retaliating against Pryor because of his race or because he opposed race discrimination;

   b. That defendant be ordered to provide training in his line of progression to Pryor together with all benefits incident thereto, including but not limited to wages, benefits, and seniority;

   c. That Defendant be required to compensate Pryor for the full value of wages and benefits he would have received had it not been for Defendant's illegal treatment, with interest thereon until the date Pryor is provided with training in his line of progression;

   d. That Pryor be awarded compensatory and punitive damages in an amount to be determined at trial;

   e. That Pryor be awarded against Defendant the costs and expenses of this litigation, and a reasonable attorney's fee; and

   f. That Pryor be awarded such further relief as this Court deems to be just and

proper.

## Count II
## Title VII, Race Discrimination

27. Plaintiff incorporates by reference the allegations in paragraphs 1 through 26, as if fully set forth herein.

28. Defendant failed to provide training in Plaintiff's line of progression and otherwise discriminated against Plaintiff because of his race in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A.

29. Defendant's actions in failing to provide training in his line of progression to Pryor because of his race was undertaken intentionally and with reckless indifference to Plaintiff's federally protected right to be free from discrimination in employment decisions because of his race.

30. Further, Defendant has subjected Plaintiff to a hostile workplace environment where severe and pervasive race-based harassment is ignored by management.

31. As a result of Defendant's race discrimination against Plaintiff, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A against Defendant as follows:

    a. That Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII;

    b.    That Defendant be ordered to provide training in his line of progression to Pryor together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    c.    That Defendant be required to compensate Plaintiff for the full value of wages and benefits Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest thereon until the date Plaintiff is offered training in his line of progression;

    d.    That Plaintiff be awarded compensatory and damages in an amount to be determined at trial;

    e.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney fee; and

    f.    That Plaintiff be awarded such further relief as this Court deems to be just and proper.

### Count III
### Title VII, Retaliation

32. Plaintiff incorporates by reference the allegations in paragraphs 1 through 31, as if fully set forth herein.

33. Plaintiff opposed racial comments which he in good faith believed was illegal conduct under federal and state anti-discrimination laws.

34. Plaintiff's opposition to these racial comments in the workplace were in good faith opposition to discriminatory employment practices, which is protected activity under Title VII, 42 U.S.C. §2000e-3(a).

35. Following Plaintiff's opposition to these racial comments, Defendant retaliated against Plaintiff by not providing him with training in his line of progression.

36. Defendant thus retaliated against Plaintiff because he opposed conduct made illegal under Title VII, 42 U.S.C. §2000e-3(a).

37. As a result of Defendant's illegal retaliation against Plaintiff, Plaintiff has suffered

and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff Pryor demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That Defendant be ordered to provide Plaintiff with the training in his line of progression, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered training in his line of progression;

    c. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    d. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

    e. That Defendant be ordered to pay plaintiff punitive damages;

    f. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

    g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

    h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Count IV
### PHRA

38. Plaintiff incorporates by reference the allegations in paragraphs 1 through 37, as if fully set forth herein.

39. Defendant's failure to provide Plaintiff training in his line of progression violated the Pennsylvania Human Relations Act (PHRA), 43 Pa. Conns. Stat.Ann. §955(a) et seq.

40. Likewise, Defendant's race-based harassment also violates the PHRA.

41. As a direct result of Defendant's violation of the PHRA, Plaintiff has lost wages and other economic benefits of his employment with Defendant, in addition to suffering emotional distress, inconvenience and humiliation.

WHEREFORE, Plaintiff requests the following:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

    b. That Defendant be ordered to provide Plaintiff with training in his line of progression and provide him with accumulated seniority, fringe benefits and all other rights;

    c. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

    e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

    f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    g. That the Court grant Plaintiff additional relief as may be just and proper.

WHEREFORE, Plaintiff demands judgment against Defendant for its violation of the Pennsylvania Human Relations Act.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/  *John E. Black, III*
John E. Black, III
Pa. I.D. No. 83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 394-4446
jblack@edgarsnyder.com

Attorney for Plaintiff